# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

NATAKI K. DAVIS (BARNES),

           Plaintiff,

v.                                   Case No. 13-CV-12760
                                 Honorable Denise Page Hood

GREEN TREE SERVICING, LLC,

           Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(b)(6) IN PART AND ORDER FOR PLAINTIFF TO SHOW CAUSE

## I.      INTRODUCTION

Plaintiff Nataki K. Davis (Barnes) , proceeding *pro se*, commenced this action in Oakland County Circuit Court on June 7, 2013, challenging a residential property foreclosure.  Defendant Green Tree Servicing, LLC removed the action to this Court on June 21, 2013, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  **[Docket No. 1, filed June 21, 2013]**  In her Complaint, Plaintiff alleges that Green Tree Servicing is guilty of fraud in the inducement and breach of contract in connection with the foreclosure and sheriff's sale of real property located at 25241 Orchard Grove Street,

Southfield, MI, 48033-5345.[1]  Before the Court is Defendant's Motion to Dismiss Under FRCP 12(b)(6), filed July 1, 2013.  **[Docket No. 3, filed July 1, 2013]**  The matter has been fully briefed and is now appropriate for review.  Plaintiff did not appear at the hearing set for Wednesday, September 4, 2013.  Court Staff was unable to reach Plaintiff by telephone.  At the hearing, Defense Counsel notified the Court that in a separate state proceeding regarding the property, Plaintiff had accepted "Cash for Keys" and verbally agreed to dismiss this matter.  However, Defense Counsel indicated that Plaintiff has since refused to sign a stipulation for dismissal.

For the reasons discussed below, the court **GRANTS IN PART** Defendant's Motion to Dismiss Under FRCP 12(b)(6).  The Court also orders Plaintiff Nataki Davis (Barnes) to appear before the Court on **November 20, 2013 at 4:00 p.m.** to show cause as to why Defendant Green Tree Servicing should qualify as a "debt collector" pursuant to Section 1692g(a) of the Fair Debt Collection Practices Act or to indicate her agreement with dismissal of this action.

---

[1]

Initially, Plaintiff filed the Complaint in the Oakland County Circuit Court for the State of Michigan.  The case was removed by Green Tree Servicing to this Court on June 21, 2013, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  **[Docket No. 1, filed June 21, 2013]**

2

## II.    BACKGROUND

On June 15, 2007, Plaintiff Nataki Davis and non-party Paula Barnes-Rooks executed a note and mortgage for $108,000.00 securing real property located at 25241 Orchard Grove Street, Southfield, MI 48033-5345.  **[Def. Ex. A at 1]**  The mortgage was recorded in Liber 39290, Page 265 of the Oakland County Register of Deeds. **[Def. Ex. A]**  The mortgage listed Mortgage Electronic Registration Systems, Inc. as the "nominee for Lender and Lender's successors and assigns" and Quicken Loans Inc. as the Lender.  **[Def. Ex. A]**  On September 19, 2012, Quicken Loans assigned the mortgage "with all interest secured thereby, all liens, and any rights due or to become due thereon" to Green Tree Servicing, LLC.  **[Def. Ex. B]**  The assignment listed both Paula Barnes-Rook and Nataki Davis (Barnes) as the makers of the mortgage.  **[Def. Ex. B]**  This assignment was also recorded in Liber 44709, Page 560 of the Oakland County Register of Deeds.  **[Def. Ex. B]**

After making regular and timely mortgage payments for more than five years, Davis failed to make her July 2012 payment and Green Tree Servicing began foreclosure proceedings.  On December 11, 2012, a sheriff sale was held and Green Tree Servicing purchased the property for $80,062.46.  **[Def. Ex. C at 1, 6]**  In a sworn affidavit, Deputy Sheriff John M. Roehrig of Oakland County stated that

2:13-cv-12760-DPH-RSW    Doc # 6    Filed 10/08/13    Pg 4 of 19    Pg ID 123

pursuant to the printed notice of sale **[Def. Ex. C at 3 - Evidence of Sale, dated November 15, 2012]**, the sale of the Orchard Grove Street property was in compliance with the auction sale requirements of the County.[2] **[Def. Ex. C at 2 - Liber 45121, Page 638]** The sheriff's deed on the mortgage sale was duly recorded in Liber 45121, page 637 of the Oakland County Register of Deeds and Plaintiff was given until June 11, 2013 to redeem the property, exactly "six (6) months immediately following the sale[.]" **[Def. Ex. C at 1, 4, 6]** Plaintiff failed to redeem the property by June 11, 2013. Green Tree Servicing has since conveyed its interest in the sheriff's deed sale to Federal Mortgage Association via Quit Claim Deed.

On June 7, 2013, Plaintiff filed a Complaint alleging that Defendant Green Tree was guilty of: (1) fraud in the inducement and (2) breach of contract. Specifically, Plaintiff alleges that the Defendant committed fraud in the inducement because "[t]he bank made (her) the alleged borrower a depositor by depositing a $108,000.00 negotiable instrument, which the bank sold or had available to sell for approximately $108,000.00 in legal tender." She argues that the bank committed fraud because it "claimed that (she) the alleged borrower owed the bank $108,000.00, then placed a

---

[2]

The sale followed printed notice, was opened at 10:00 a.m. on December 11, 2012 on the first floor Main entrance to the Court House in Pontiac (Circuit Court in Oakland County), was kept open for the space of one hour, the highest bid was accepted, and the "sale was in all respects open and fair[.]" **[Def. Ex. C at 2]**

4

lien on the [her] real property for $108,000.00 and demanded loan payments or the bank would foreclose." Because she "did not receive a loan, . . . [but] lost $108,000.00 in value to the bank, which the bank kept and recorded as a bank asset[,]" Plaintiff contends that the bank owes her damages of $108,000.00 plus interest payments. These damages, she claims, are owed because the bank "refuses to loan their money[,]" attempts to "extort payment on a contract the bank never fulfilled[,]"and has "denie[d] . . . [her] equal protection under the law and contract[] by merely exchanging one currency for another and refusing repayment in the same type of currency deposited." In Count II of the Complaint, Plaintiff alleges that Green Tree Servicing breached its contract because the bank never gave her the loan it promised and "never invested any money to receive [her] mortgage note."

In addition to these two claims for relief, though not specifically delineated in Plaintiff's Complaint, Plaintiff makes additional claims for relief. Plaintiff alleges that Green Tree purposely failed to notify her of the status of the Orchard Grove Street property and the foreclosure sale, though Defendant was aware that she shared title to the property, and this lack of notice removed her opportunity to purchase the property at the sheriff's sale. Plaintiff also contends that Defendant failed to meet the obligations under the Fair Debt Collection Practices Act, § 339.915(f)[3] because Green

---

[3]

Michigan Fair Debt Collection Practices Act § 339.915(f) states:

Tree failed to give her notice that the property was being foreclosed or sold due to nonpayment of debt. Furthermore, because she was not notified of the sheriff's sale, Plaintiff argues that she was not given the required six-month period from the date of the sale to redeem the property. Lastly, Plaintiff argues that Defendants are not bona fide purchasers of the property because they did not take it free from any prior interest of which they had no notice. *See In re* Wohlfeil, 322 B.R. 302, 304 (Bankr. E.D. Mich. 2005) ("Under Michigan law a bona fide purchaser for value takes free of prior unrecorded interests . . . , for value[,] and without notice or knowledge of an adverse interest."). Plaintiff requests that the court discharge the foreclosure sale and give her an opportunity to redeem the property or, in the alternative, require the Defendant to pay $108,000.00 in damages. Conversely, Defendant argues that this Court should

---

A licensee shall not commit 1 or more of the following acts:

> (f) Misrepresenting in a communication with a debtor any of the following:
>> (I) The legal status of a legal action being taken or threatened.
>> (ii) The legal rights of the creditor or debtor.
>> (iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.
>> (iv) That accounts have been turned over to innocent purchasers for value.

Mich. Comp. Laws Ann. § 339.915 (West).

grant its 12(b)(6) motion because: (1) Plaintiff's Complaint fails to meet the pleading requirements of Rule 8, (2) Plaintiff failed to plead fraud with particularity as required by Rule 9, (3) The "Vapor Money" theory cannot serve as the basis for a cause of action, (4) Plaintiff fails to set forth a cause of action under the Fair Debt Collection Practices Act, and (5) Plaintiff fails to set forth sufficient fraud or irregularity to set aside the foreclosure.  Plaintiff and Defendant have opposing views on whether Plaintiff was contacted to request concurrence in the motion.

## III.   ANALYSIS

### A. Standard

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the Plaintiff's Complaint.  Accepting all factual allegations as true, the court will review the Complaint in the light most favorable to the Plaintiff.  *See Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007).  To survive a motion to dismiss, the Complaint must state sufficient "facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Complaint must demonstrate more than a sheer possibility that the Defendant's conduct was unlawful.  *See id.* at 556.  Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under FRCP 12(b)(6), courts recognize an exception for documents attached to or referenced in the Complaint. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Viewing the Complaint in the light most favorable to Plaintiff and accepting all allegations as true, Defendant, Green Tree Servicing, LLC, is entitled to the requested relief on Counts I and II but not on the claim under the Fair Debt Collection Practices Act.[4]

### A.  Failure to Comply With Rule 8 Requirements

Defendant's first allegation is that Plaintiff's Complaint fails to meet the pleading requirement of Rule 8.  Federal Rule of Civil Procedure 8(a)(2) requires "a

---

[4]

Plaintiff does not specifically allege a Fair Debt Collection Practices Act claim in her initial Complaint but the Court agrees with Defendant that Plaintiff's Complaint can be read to allege such a violation. *See infra*, p. 13.

short and plain statement of the claim showing that the pleader is entitled to relief[,]" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Though a Complaint need not detail factual allegations to survive a 12(b)(6) motion, a Plaintiff is still obligated to provide the "grounds" of his "entitle[ment] to relief." *Id.* All allegations in the Complaint must be enough to raise a right to relief above the "speculative level," though a well-pleaded Complaint may proceed even if it appears that recovery is very remote and even unlikely. *Id.* at 555-56.

Plaintiff filed a 204 paragraph Complaint in which she made two specific claims: (1) that Defendant committed fraud in the inducement and (2) that the Defendant breached its contract with her. Though Plaintiff's Complaint cites to many cases, gives many definitions, and makes various claims, the Complaint provides minimal factual support for her claims. Following Defendant's Motion to Dismiss filing, Plaintiff filed a response in which she more articulately stated her claims. However, Plaintiff again presented conclusory arguments and little factual support for her claims that could, if "accepted as true, . . . state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677). It is well-settled that federal courts hold the *pro se* Complaint to a "less stringent standard[]" than those drafted by attorneys,

*Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules[.]" *Burnett v. Grattan*, 468 U.S. 42, 50 (1984). Applying this less stringent standard, Plaintiff's claims that Defendant's actions resulted in fraud and a breach of contract are arguably sufficient to give the Defendant "fair notice of the claim[s] asserted [and] to enable [it] to answer and prepare for trial." *Smith v. MERS*, No. 10-12508, 2011 WL 4469148, at * 3 (E.D. Mich. Aug. 4, 2011), report and recommendation adopted, No. 10-12508, 2011 WL 4479481 (E.D. Mich. Sept. 27, 2011). For this reason, Plaintiff's Complaint and subsequent response to Defendant's 12(b)(6) meet the minimum pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure and her claims will not be dismissed *for this reason*.

### B.  Rule 9 Particularity

Defendant next argues that Plaintiff failed to plead fraud with particularity as required by Rule 9. Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Sixth Circuit has interpreted Rule 9(b) to require that a Plaintiff allege "the time, place and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and

the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003)).

When deciding a motion to dismiss under Rule 9(b) for failure to plead fraud with particularity, a court must also consider the policy favoring simplicity in pleading, codified in the "short and plain statement of the claim" requirement of FRCP 8. "Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony." *Sanderson*, 447 F.3d at 876 (quoting *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988)). "On the other hand, a district court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions.'" *Id.* (quoting *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)).

Viewing the Complaint in the light most favorable to the Plaintiff, Plaintiff has failed to allege fraud with the particularity that the law requires. In Plaintiff's Complaint, she alleges that Green Tree Servicing committed fraud in the inducement because "no loan ever took place" and what "took place was merely a change of currency (without authorization), a negotiable instrument for a check." Plaintiff also asserts that though the seller of the home received a check, the money that was deposited to issue the check came from (her) the borrower and not the bank, therefore,

11

the bank has no right to the mortgage note until the bank loans her the money. Plaintiff contends that the bank tricked her because they got her mortgage "without investing once cent, by making [her] a depositor and not a borrower." Because the "bank had no intent to loan," she argues, the bank committed fraud.

To sufficiently state a fraud claim, Plaintiff had to show " (1) that defendant made a material representation; (2) that it was false; (3) that when [it] made it [it] knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that [it] made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that [she] thereby suffered injury." *Disner v. Westinghouse Elec. Corp.*, 726 F.2d 1106, 1111, n.11 (6th Cir. 1984) (citation omitted). Plaintiff's Complaint does not satisfy all of the required elements for fraud because it fails to address fraud in any particularity. Plaintiff alleges in a conclusory fashion that Defendant misrepresented facts, purposely failed to disclose material facts, and failed to give her notice of the foreclosure and sheriff's sale, but fails to allege who made fraudulent statements or omissions, what those statements were, when they were made, or how she relied on them to her detriment. Plaintiff's conclusory allegations of fraud are insufficient to state a claim. Therefore, Plaintiff's claim for fraud is dismissed.

### C.  Breach of Contract Pursuant to Vapor Money Theory

Additionally, Defendant contends that Plaintiff's reliance on the "Vapor Money" theory should fail as a matter of law because it cannot serve as the basis for a cause of action. In the Complaint, Plaintiff argues that the bank "deposited a non-legal tender negotiable instrument and exchanged it for another non-legal tender check, which traded like money, using the deposited negotiable instrument as the money deposited." In essence, Plaintiff argues that she never received "real money" for her mortgage and the bank only exchanged currency, not providing her with the loan that she was promised. Similar arguments have been made and rejected by this Court. *See Carrington v. Fed. Nat'l Mortg. Ass'n*, No. 05-CV-73429-DT, 2005 WL 3216226, at *1-2 (E.D. Mich. Nov. 29, 2005) (finding "fundamentally absurd and obviously frivolous" plaintiff's claim that the lender unlawfully "created money" through its ledger entries). Additionally, while a negotiable instrument itself is not 'money,' it is an "acknowledgment of a debt and a promise to repay the debt at some date in the future." *Roper v. Mortg. Elec. Registration Sys.*, No. 07-CV-10002, 2007 WL 3244754, at *2 (E.D. Mich. Nov. 1, 2007). For these reasons, Plaintiff's claim that the bank failed to credit her account with the $108,000.00 that she borrowed is dismissed.

**D**. **Fair Debt Collection Practices Act**

While Plaintiff does not explicitly indicate violation of the Fair Debt Collection

13

Practices Act ("FDCPA" or the "Act") in her Complaint, the Court agrees with Defendant that Plaintiff's Complaint can be read to allege a violation of the FDCPA.[5] Defendant argues that Plaintiff has failed to set forth a cause of action under the FDCPA and the Court agrees.

In the Complaint, Plaintiff challenges the Defendant's allegation that they are note and mortgager holders in due course pursuant to 15 U.S.C. § 1629g.  She also argues that the Defendant failed to "validate alleged debt to this date."  Additionally, in her response to Defendant's motion, Plaintiff elaborates on this claim by alleging misrepresentation in communication because she was "not given notice that [the] property was being foreclosed or sold because of nonpayment of debt" which, she argues, was in violation of the FDCPA.

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors[.]"  *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591 (6th Cir. 2009) (quoting 15 U.S.C. § 1692e).  Section 1692g(a) "requires debt collectors to issue a 'validation notice,' either in the initial communication with a consumer or within five days of that initial communication, that informs the consumer of certain rights including the right to make a written request for verification of the debt and to dispute

---

[5]  Though Plaintiff did not address this issue in her initial Complaint, she did address it in her response to Defendant's 12(b)(6) motion.

the validity of the debt." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007) (citations omitted). Pursuant to 15 U.S.C. § 1692a(6)(F)(iii), the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person[.]" Green Tree Servicing argues that though it initiated the foreclosure proceedings on the Orchard Grove Street property, it falls within the exception of the "debt collector" definition in the Act because it was servicing Plaintiff's mortgage prior to her July 2012 default. However, based on the record before the Court, the Court is unable to determine that Defendant was not a "debt collector" within the meaning provided in the Act because the Court is unable to ascertain Plaintiff's date of default.[6] *See Glazer v. Chase Home Finance, LLC*, 704 F.3d 453, 461 (6th Cir. 2013) (determining that "mortgage foreclosure is debt collection under the FDCPA" because there is "no reason to make an exception to the Act when a debt collector uses foreclosure instead of other methods") (quoting *Wilson v. Draper & Goldberg,*

---

[6] The date of default is unclear to the Court because, though Defendant noted that "Plaintiff defaulted under the terms of the note and mortgage by failing to make payment beginning in July 2012[,]" Defendant argues that it was not a "debt collector" within the meaning of the Act though Green Tree was assigned the mortgage on the Orchard Grove Street property on September 19, 2012, months after Plaintiff's purported default. **[Def. Ex. B at 1]**

15

*P.L.L.C.*, 443 F.3d 373 (4th Cir. 2006)).

Determining that Plaintiff's actual date of default is a material fact necessary to address this issue, the Court orders Plaintiff Nataki Davis (Barnes) to appear before the Court on **November 20, 2013 at 4:00 p.m.** and show cause as to (1) the date that she was determined to be in default and (2) why this date makes Defendant's "debt collectors" within the meaning of the Act.

### E. Fraud or Irregularity in the Foreclosure Proceedings

Lastly, Defendant argues that Plaintiff fails to present sufficient fraud or irregularity to set aside the foreclosure on the property.

Under Michigan law, a property owner in default has six months following a foreclosure sale in which to redeem the property by paying the amount that is owed, *see* Mich. Comp. Laws § 600.3240(8), and once the period expires, "all of plaintiff's rights in and title to the property [are] extinguished." *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). Michigan law also provides that a party may foreclose a mortgage by advertisement if all of the following circumstances exist:

> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or

16

 proceeding has been returned unsatisfied, in whole or in part.
 (c) The mortgage containing the power of sale has been properly recorded.
 (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

Mich. Comp. Laws § 600.3204(1).

 Though Plaintiff does not challenge nonpayment and, therefore default, she contends that she was never notified of the foreclosure sale which should make the sale invalid. Mich. Comp. Laws § 600.328 requires that "notice of foreclosure by sale shall be given by publishing, in a newspaper, a notice in the county where the mortgaged premises is situated. It must be published for four consecutive weeks, at least once in each week, and within 15 days of the first publication a true copy of the notice shall be posted on the premises to be sold." In this case, the Defendant satisfied the requirements of M.C.L. § 600.328 by publishing a notice in the Oakland County Legal News on November 12, 2012, November 19, 2012, November 26, 2012, and December 3, 2012. **[Def. Ex. C at 4]** Defendant also posted a notice on the property on November 13, 2012. **[Def. Ex. C at 3]** Plaintiff's claim for fraud due to the violation of notice of foreclosure sale is dismissed as she has failed to sufficiently allege any fraud or irregularity in the foreclosure sale proceedings.

## IV. CONCLUSION

The Court has reviewed the evidence in the record and finds that though Plaintiff's Complaint arguably meets the FRCP Rule 8 pleading requirement, Plaintiff fails to allege fraud with the particularity that FRCP Rule 9 requires and, furthermore, both Counts I and II of Plaintiff's Complaint fail to "state a claim upon which relief can be granted." *Twombly*, 550 U.S. at 552. Accordingly, the Court dismisses Counts I and II of Plaintiff's Complaint.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Under FRCP 12(b)(6) **[Docket No. 3, filed July 1, 2013]** is **GRANTED IN PART**.

**IT IS HEREBY ORDERED** that Plaintiff Nataki Davis (Barnes) appear before this Court on **November 20, 2013 at 4:00 p.m.**, to show cause as to (1) her actual date of default and (2) why Defendant Green Tree Servicing should be held as "debt collectors" based on this default date or to indicate her agreement with dismissal of this action. Failure to appear for this Show Cause hearing will result in dismissal of Plaintiff's FDCPA claim and, being the sole surviving claim, dismissal of the case in its entirety.

**IT IS SO ORDERED**.

Dated:  October 8, 2013          S/Denise Page Hood
                                 Denise Page Hood
                                 United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of
record on October 8, 2013, by electronic and/or ordinary mail.

                        S/LaShawn R. Saulsberry
                        Case Manager